UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL C. DICKMAN,<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>JOHN EMERY, et al.,<br><br>　　　　　　　Defendants. | CASE NO. 02cv2371-BEN (WMc)<br><br>**ORDER GRANTING DEFENDANT JOHN EMERY'S RENEWED MOTION FOR SUMMARY JUDGMENT AND/OR ADJUDICATION [Docket No. 392]** |

**I.**

**INTRODUCTION**

*Pro se* Plaintiff Michael C. Dickman ("Dickman") has filed a First Amended Complaint ("FAC"), alleging that, while incarcerated in the Western Regional Detention Facility ("WRDF"), he received negligent medical care by Defendant John Emery, M.D. ("Dr. Emery") and that the care he received "fell below the community standard for medical care." (FAC ¶ 79, 80). Presently before the Court is Dr. Emery's Renewed Motion for Summary Judgment ("Motion"). For the reasons that follow, Dr. Emery's Motion is **GRANTED**. The Clerk of Court may close the file.

**II.**

**FACTS**

The following facts are alleged and uncontested. In December 1999, Dickman was arrested and detained on federal charges. On or about September 2000, Dickman was transferred

1  to WRDF. Shortly after the transfer, he began experiencing symptoms consistent with a urinary
2  tract infection for which he made several complaints to WRDF's medical staff. In December
3  2000, Dickman was diagnosed with acute prostatitis or cystitis. Over the next three months,
4  Dickman's condition gradually worsened.

5  On March 27, 2001, Dr. Emery diagnosed Dickman's condition as obstructive uropathy
6  with chronic renal failure. A surgery was performed to relieve the obstruction of Dickman's upper
7  ureteral tracts. On April 04, 2001, Dr. Emery performed a follow-up surgery to remove the
8  bilateral stents that were inserted during the earlier surgery. According to Dr. Emery, it was
9  during this follow-up surgery when he determined that a complete transurethral prostatectomy was
10 necessary. After Dickman signed the consent form, Dr. Emery performed a prostatectomy on
11 April 07, 2001. Dickman, however, alleges that his request for a second opinion was denied prior
12 to the prostatectomy.

13 On June 26, 2001, Dickman consulted with Dr. Jack N. Benson, a urologist in Phoenix,
14 Arizona. Upon reviewing Dickman's medical history, Dr. Benson questioned Dr. Emery's
15 decision to remove Dickman's prostate. On April 1, 2002, during a surgical procedure, Dr.
16 Benson discovered lacerations and tissue lesions in the neck area of Dickman's bladder.
17 According to Dickman, Dr. Emery negligently caused these injuries during one or more of the
18 surgeries performed. Dickman further alleges that Dr. Emery was negligent for not obtaining a
19 second opinion before performing the complete transurethral prostatectomy, which was not the
20 least intrusive or damaging option available at the time.

21 Dickman now seeks relief solely against Dr. Emery, as all other original defendants have
22 been terminated by this Court.

### III.

### LEGAL STANDARD

25 Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories,
26 and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to
27 any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.
28 Civ. P. 56(c). A "material" fact is one that might affect the outcome of the suit under the

substantive law of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). No "genuine issue of material fact" exists if, "on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The moving party has the initial burden of demonstrating the absence of a genuine issue of material fact for trial. *Anderson*, 477 U.S. at 256. If the moving party meets this burden, the opposing party must set forth specific facts showing that a genuine issue remains for trial. Fed. R. Civ. P. 56(e).

"The moving defendants need provide nothing more than a reference to those materials on file in the case which support the movant's belief that there is an absence of any genuine issues of material fact." *Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990). An adverse plaintiff, however, must "offer evidence sufficient to raise a genuine issue of fact on an issue on which the plaintiff has the burden of proof." *Id.* "[S]ummary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995) (internal citation omitted).

An issue of fact is only a genuine issue if it can reasonably be resolved in favor of either party. *Anderson*, 477 U.S. at 250-51. "A mere scintilla of evidence supporting the nonmoving party's position is insufficient; there must be evidence on which a jury could reasonably find for the nonmoving party." *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). "The substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

As a preliminary matter, the Court notes that the *pro se* litigant, Dickman, has been adequately warned of the Rule 56 requirements. District courts are obligated to advise *pro se* prisoner litigants of Rule 56 requirements. *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988). This requirement can be met by the summary judgment movant providing the prisoner with notice in a separate form that the plaintiff will recognize as given pursuant to the court's

requirement. *See Rand v. Roland*, 154 F.3d 952, 960 (9th Cir. 1998), *cert. denied*, 527 U.S. 1035 (1999). As Dr. Emery provided Dickman a notice with explanations of Dickman's rights and obligations under Rule 56 in "ordinary, understandable language," the Court is satisfied that the *Klingele* requirement has been met. *See id.* at 960-61.

## IV.

## DISCUSSION

Dickman asserts the sole claim of negligence against Dr. Emery. Specifically, Dickman asserts that Dr. Emery failed to exercise reasonable care and skill in treating Dickman's urinary tract infection, cystitis, and/or prostatitis. Federal courts apply state substantive law when presented with state law claims. *See Kohlrautz v. Oilmen Participation Corp.*, 441 F.3d 827, 830 (9th Cir. 2006) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Since Dickman's claims are state law claims, this Court will apply California law.

Under California law, "[t]he elements of a cause of action in tort for professional negligence are: (1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence." *Turpin v. Sortini*, 31 Cal. 3d 220, 229 -30 (1982). In essence, Dickman must show that the medical treatment he received fell below the standard of care in the medical profession. *See Landeros v. Flood*, 17 Cal. 3d 399, 408 (1976). In light of the claims asserted against Dr. Emery, such expert testimony is admissible only if offered by a physician with "substantial professional experience[1] within the last five years while assigned to provide emergency medical coverage in a general acute care hospital emergency department." Cal. Health & Safety Code § 1799.110(c).

In the context of medical malpractice, California courts have consistently held that with respect to both diagnosis and treatment, medical personnel are required to possess and exercise

---

[1] Under Cal. Health & Safety Code § 1799.110(c): "'substantial professional experience' shall be determined by the custom and practice of the manner in which emergency medical coverage is provided in general acute care hospital emergency departments in the same or similar localities where the alleged negligence occurred."

that degree of knowledge and skill ordinarily possessed and exercised by members of their profession in similar circumstances. *Landeros*, 17 Cal. 3d at 408. Except when the type of conduct required by the particular circumstances is within the common knowledge of laymen, the standard of care in medical malpractice actions must be proven by expert testimony. *See Hutchinson v. United States*, 838 F.2d 390, 392 (9th Cir. 1988); *Barris v. County of Los Angeles*, 20 Cal. 4th 101, 108 (1999), *cert. denied*, 528 U.S. 868 (1999) (measured evaluation of the standard of care for a medical practitioner is a matter peculiarly within the knowledge of experts and presents the basic issue in a malpractice action). Notably, this expert testimony requirement has been incorporated into the standard for summary judgment in California medical malpractice cases. *Hutchinson*, 838 F.2d at 392. Therefore, "[w]hen a defendant moves for summary judgment and supports his motion with expert declarations that his conduct fell within the community standard of care, he is entitled to summary judgment unless the plaintiff comes forward with conflicting expert evidence." *Id.*

Moving on to the substance of this motion, the Court finds that Dr. Emery is entitled to summary judgment as Dickman has not provided any conflicting expert testimony as required by California law. Here, Dr. Emery has offered competent and admissible evidence showing that his treatment of Dickman did not fall below the community standard of care. Specifically, Dr. Emery has offered the declaration of Jeffrey Kaufman, M.D., who has been licensed to practice medicine in California since 1977. (Kaufman Decl. ¶1.)

Dr. Kaufman is "board certified in Urology" and an "Assistant Clinical Professor of Urology/Surgery" at the University of California, Irvine. *Id.* Dr. Kaufman is thoroughly familiar with the standard of care for urologists in Southern California. *Id.* Having reviewed the medical records concerning the care and treatment of Dickman, Dr. Kaufman is of the opinion that "the care and treatment rendered by Dr. Emery was in the standard of care." Dr. Kaufman further supported his conclusion by pointing out that "Dr. Emery took a step by step approach . . . allowed time between each treatment to evaluate its effectiveness . . . If Dr. [Emery] had not approached Mr. [Dickman]'s difficulties in the manner he did then the problem would have gotten much worse . . ." With regard to the issue of informed consent, Dr. Kaufman also opines that Dr. Emery had

carefully documented in the medical records that he explained the procedures to Dickman before proceedings and that Dickman's allegation is unfounded. Finally, the Court notes that Dr. Kaufman previously offered his expert testimony in support of defendants Geo Group, Juan Asuncion, Jr., M.D. and Jarme Condell's motions for summary judgment, which the Court relied upon in granting those defendants' motions.

Dickman, on the other hand, has offered no expert testimony to controvert Dr. Kaufman's findings. Previously, Dickman designated Dr. Alfred J. Koonin ("Koonin") as his expert witness. As previously explained in this Court's November 14, 2006, Order, Koonin is not qualified to testify as to the medical issues before the Court. Koonin is also not qualified to testify as to Dr. Emery's alleged conduct because he is not a physician with "substantial professional experience within the last five years while assigned to provide emergency medical coverage in a general acute care hospital emergency department." Cal. Health & Safety Code § 1799.110(c). Koonin's disqualification by this Court was based on several factors including: (1) Koonin's conviction for aiding and abetting false declarations before a grand jury; (2) the revocation of Koonin's license to practice in 1991 for grossly negligent treatment of several patients; (3) Koonin's lack of practice in general medicine since 1990; (4) twenty-six previous malpractice actions; and (5) Koonin's lack of experience in the subject of urology, the central issue of this case. To this date, Dickman has failed to designate an alternate or replacement expert witness in lieu of Koonin.

As discussed above, California courts maintain that the standard of care "presents the basic issue in a malpractice action and can only be proved by [expert] testimony" because it is "a matter peculiarly within the knowledge of experts." *Landeros*, 17 Cal. 3d at 410; *Willard v. Hagemeister*, 121 Cal. App. 3d 406, 412 (1981). In *Hutchinson*, the Ninth Circuit endorsed the requirement of expert testimony in summary judgment and affirmed the district court's grant of summary judgment in favor of the defendants as the plaintiff failed to provide expert testimony to rebut the declarations from the defendants' expert witnesses. 838 F.2d at 392. Without Koonin's declaration, Dickman is left with no expert testimony to rebut that of Dr. Emery's and therefore fails to make sufficient showing that there are genuine factual issues for trial. Consequently, as the caring and treating of urinary tract infection, cystitis, and/or prostatitis is not within the common

1  knowledge of the layman, Dickman's failure to offer any competent and admissible expert
2  testimony to contradict that of Dr. Emery's entitles Dr. Emery to summary judgment. *See*
3  *Haworth v. United States*, 2007 WL 867660 *1, *1 (9th Cir. 2007) (affirming the district court's
4  granting of summary judgment in favor of the United States when the plaintiff submitted nothing
5  to rebut evidence of two medical experts by the defense who stated there was no indication of a
6  violation of the standard of care). Accordingly, Dr. Emery is entitled to judgment as a matter of
7  law.

## V.

## CONCLUSION

For the reasons set forth above, Defendant Dr. Emery's Motion is **GRANTED**. Dr. Emery is entitled to Summary Judgment. The Clerk of Court may close the file.

**IT IS SO ORDERED**.

DATED: July 27, 2007

_____
Hon. Roger T. Benitez
United States District Judge